Ronald V. Thomas – 017517
Thomas Law Office, PLC
3030 East Cactus Road Ste. 102
Phoenix, Arizona 85032
(602) 788-1395 Fax: (602) 788-1680
thomasron@azbar.org
Attorney for Debtor

**IN THE UNTIED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA, PHOENIX DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 08-17253 |
| Charles Hershel Johnson and ) | |
| Renee Marie Johnson, ) | |
| ) | Chapter 13 Plan and Application for |
| ) | Administrative Expense |
| Debtors. ) | |
| ) | |

Debtor proposes the following Chapter 13 Plan:

1) PROPERTY AND INCOME SUBMITTED TO THE PLAN. Debtor shall submit the following amounts of property and future income to the Trustee for distribution under the Plan:

a. FUTURE EARNINGS OR INCOME. Debtor shall pay **$2,974.00** per month to the Trustee, on or before the 15th day of each month commencing **December 2008.** Debtor shall make the above plan payment in the manner prescribed by the Chapter 13 office for the District of Arizona, Phoenix Division, complying with all guidelines, rules, and regulations.

b. OTHER PROPERTY. None. In the event that other property is submitted to the Trustee, it shall be treated as advance payment under paragraph 1(a) above, and shall reduce the Plan's duration, except that the duration shall not be shorter than 36 months.

2) DURATION. This Plan shall continue for 60 months from (and including) the first payment. If at any time before the end of this period all allowed claims are paid, the Plan shall terminate.

3) CLASSIFICATION AND TREATMENT OF CLAIMS. The provisions of this Plan are

intended to bind all creditors under 11 U.S.C., Section 1327. Failure to file an objection can affect the creditor's rights as a secured or unsecured creditor. The confirmation process will be the final word in any conflicts between allowed claims provided for in the proposed Plan. The claims shall be classified and paid in the order and manner indicated below:

a.	ADMINISTRATIVE EXPENSES.

(1)	Trustee's Fees: The Trustee shall charge such percentage fee as may periodically be fixed by the Attorney General pursuant to 28 U.S.C.; Section 586(e). The Trustee's fee shall not exceed 10% of the Debtors' monthly payment.  The aforementioned Plan payment amount includes a ten percent fee to the trustee.

(2)	Debtor's Attorneys' Fee Application for Payment of Administrative Expense Pursuant to Rule 2016(a). Ronald V. Thomas was paid a total of $1,556 prior to the filing of this case (filing fee and $100 cost advance was paid separately), towards total attorneys fees of $3,785.00.  A total of **$2,229.00** shall be paid to Ronald V. Thomas, through the Chapter 13 Plan and prior to the commencement of payments to any creditors listed hereafter.  Such administrative claim is for flat (non-contingent) fees as payment for matters up to and including confirmation of the plan, as follows: conferencing with debtor, review of financial information, preparation of voluntary petition, required schedules, statement of financial affairs, Chapter 13 Plan, plan analysis, mailing matrix, order confirming plan, document copying, noticing plan, representation of debtor at meeting of creditors, and where applicable, communications and negotiations with the trustee and/or creditors, and reviewing and objecting, where appropriate, to creditors' claims. Said amount does not include: modification of a confirmed plan, responses and hearings regarding motions to lift stays, amendments adding or changing creditors, 505 hearings, other services relating to post-petition claims not existing at the time of filing of the case, dischargeability complaints, or other adversary matters, whether filed by debtor or a creditor, or any other matter not anticipated at the time of filing of the case, or which might occur after confirmation of the Plan.  Should such additional services be required as to such matters Debtor's counsel anticipates the presentation of an additional application for fees and expenses, such matters being chargeable at Attorney's usual and customary hourly rate of $200.00 billed in tenth of an hour increments.   The above described fee arrangements are reasonable and necessary given the knowledge and skill of the Attorney involved.  There are no professionals other than Debtor's attorney whose time is included in this fee request.  The fees are not being shared.    In the event of dismissal of this case prior to confirmation or conversion to Chapter 7, the administrative claim shall be paid from the plan payments prior to any distribution, except such trustee's fees and costs as may be allowed by the Court.

b.	CLAIMS SECURED BY REAL PROPERTY.

1)	The following creditors shall retain its security interest in the real property listed and the Trustee shall have no interest in or claim to the property securing the claim. Regular monthly payments becoming due December 1, 2008, and thereafter, (and not otherwise specifically provided for below) shall be made outside of the Plan. No payment shall be deemed late, and any

agreement which forms the basis of the claim shall not deem the debt in default as a result of arrearages, which are cured under this Plan.

(2)     The Creditor listed below shall retain its security interest in the real property identified as 4616 E. Gold Poppy Way, Phoenix, Maricopa County, Arizona 85044, hereafter called the "Real Property." The value of the real property is estimated at $290,000.

(3)     The Debtor's homestead exemption in the Real Property, and any identifiable cash proceeds from the sale of such residential Real Property is allowed. Pursuant to A.R.S. Title 33, Section 1101, proceeds from the sale of the Real Property may be used in any manner, may be transferred, encumbered, or sold without further order of this Court upon the Trustee's approval, and subject to applicable security interests. All identifiable cash proceeds from the sale, if any, of the Real Property shall become the sole property of the Debtor to the extent of the protected equity in such property.

(4)     Accrued arrearage, if any, as set forth below, includes all payments, late charges, attorney fees and other costs due and unpaid at the time of filing of this plan, as well as all allowable attorney fees and costs incurred by the secured creditor in this action. Creditors shall make no charge to the debtor or against the secured property other than those specified below (or as adjusted at the time of confirmation of this plan) arising out of any default occurring prior to the confirmation of this plan. As counsel for the debtor shall review secured creditor's claim upon receipt, for purposes of ascertaining any need for adjustment of the amount of arrearages herein, should creditor file an objection, based entirely on the arrearage figure stated herein (which Debtor represents will be adjusted to conform with the proper amount of arrearage, upon receipt of secured creditor's proof of claim), creditor accepts full responsibility for its attorney fees and costs in connection with the objection. Such actual amount of arrearage, as adjusted, which may include late fees, shall be fully cured prior to the commencement of payment on claims listed hereafter, and said arrearage, as listed, and as applicable, shall be cured within the length of the Plan. Such arrearage shall be paid without interest.

**NOTICE TO MORTGAGE HOLDERS**:

This plan pays the arrearage existing at the time that the case was filed, if any, while future payments are being made outside of the plan. To facilitate confirmation, allowing distributions to be started, and minimize costs, <u>please</u>:

1.     File your Proof of Claim immediately. Include a breakdown of the arrearage, if any, specifying which payments were missed and any late charges, and any other fees or assessments.

2.     Send a copy of the Proof of Claim <u>with your phone number,</u> to Ronald V. Thomas, Thomas Law Office, PLC, 3030 East Cactus Road, Suite 102, Phoenix, Arizona 85032 (Fax: 602-788-1680). If we can verify the arrearage with our clients, and no additional fees are

charged in dealing with the bankruptcy, we will adjust the arrearage to be consistent with your claim when the confirmation order is presented to the court.

3.   Send statements, payment books and past due notices for post-petition payments directly to the debtor(s).   .

(5)   The arrearage, if any, as stated below shall be paid in full, after payment of administrative claims. The Chapter 13 Trustee shall pay the arrearage amount as set forth below, which shall fully constitute satisfaction of all arrearage arising pre-petition, including any and all fees or assessments regarding such arrearage, unless presented with a timely allowed claim stating such other amount.

| CLAIMANT | SECURITY | ARREARAGE |
|---|---|---|

THERE IS NO ARREARAGE AT THIS TIME ON ANY LOAN SECURED BY THIS REAL PROPERTY.


c.   CLAIMS SECURED BY PERSONAL PROPERTY.

The following creditors shall retain their interest in property securing their claims. Creditor shall be paid the lesser of the debt balance or the value of the property securing the claim, as stated below, plus interest, at the rate specified in the contract (or as adjusted by the Court at the confirmation hearing), as a secured claim.    Upon payment of this amount, the security interest shall be released. Any unpaid balance shall be classified and paid as an unsecured claim. Claims paid as secured shall be paid in full prior to commencement on any claim listed thereafter. When confirmed, the provisions of this Plan will bind each creditor - 11 U.S.C., Section 1327(a).

| CREDITOR | DESCRIPTION | SECURED | UNSECURED | PLAN |
|---|---|---|---|---|
| Freedom First Credit Union | Dodge Durango | $12,205 | $2,795 | Paid outside the plan |

d.   PRIORITY TAX CLAIMS.

**ANY TAXING AGENCY THAT DISAGREES WITH ITS TREATMENT AS DESIGNATED BELOW MUST FILE AN OBJECTION WITH THE COURT. THE LACK OF A TIMELY OBJECTION BY THE TAXING AGENCY WILL CONSTITUTE THE TAXING AGENCY'S FULL APPROVAL OF ITS TREATMENT UNDER THIS PLAN**.

The following priority tax claims shall be paid at 100% of the allowed proof of claim, without post-petition interest. Payment on the priority tax claims shall begin after payment of

administrative expenses and any secured claims. All taxes not paid by the Plan, or a claim that is not allowed because it was not timely filed, shall be discharged by these proceedings, even though no payments are received by the creditor. Any liens held by the respective tax agencies will be deemed extinguished, and are to be released upon completion of this Plan. Penalty, if any, on such tax shall be paid pro rata, as an unsecured non-priority claim, as described below.

**NONE**

Debtor has filed all required returns, both state and federal, or otherwise shall have such returns filed by the date required by the Trustee. Debtor shall timely file all required future returns, as they become due, with state and federal taxing authorities.

e       ENGAGED IN BUSINESS. The debtor is not presently engaged in business, nor has debtor been otherwise self-employed within the last 6 years.

f       UTILITY CLAIMS FOR ONGOING SERVICE. Utility companies shall retain their security interest in any deposits that they hold. Claims for ongoing service shall be paid directly by the debtors outside of this Plan.

g.      UNSECURED CLAIMS.      All claims not specifically provided for above, whether listed in debtors' schedules or omitted therefrom, shall be classified as unsecured. Unsecured claims shall be paid the balance of payments under the plan, pro rata, without interest. Any amounts not paid shall be discharged. A creditor filing a secured Proof of Claim not paid as secured by this Plan shall be classified and paid as an unsecured claim in accordance with this Plan.

h.      PROOFS OF CLAIM. This Plan shall be the authority for the Trustee to make payment of
secured claims as scheduled herein, but the Plan or confirmation order shall not act as a Proof of Claim for any unsecured or priority claim.

i.      OBJECTIONS. Objections by all creditors to the Plan, must be received seven days prior to the hearing on the confirmation of the Plan, unless otherwise specified in the notice mailed with the Plan.

J.      EFFECTIVE DATE AND VESTING. The effective date of the Plan shall be the date of the Order Confirming the Plan. Property of the estate shall vest in the Debtor upon confirmation. Debtor may use the estate property in any manner, or may sell the property, without further order of this Court. Prior to, and upon confirmation, the automatic stay pursuant to 11 U.S.C. Section 362 will remain in full force and effect as to pre-petition claims, on all real, and personal property of the Debtors until the discharge under 11 U.S.C., Section 1338 is granted, or until the dismissal of this proceeding.

k.	POST-PETITION CLAIMS. Claims allowed for debts incurred post-petition by the Debtor may be paid in full and in such order and on such terms as the Trustee, in his/her sole discretion, may determine. The Trustee may file to dismiss this case, if Debtor incurs post-petition debts without the written consent of the Trustee and if the Debtor fails to keep such obligations current in payment.

1.	GENERAL PROVISIONS. If this case is filed as a joint Debtors' case, the Debtors' estate shall be fully consolidated for purposes of administration. Pursuant to Section 1322(b)(3) of the Bankruptcy Code, upon Court approval, the Debtors may provide for the curing and waiving of any default in payments.

DATED November 28, 2008.


   /s/ Charles Hershel Johnson
Charles Hershel Johnson


   /s/ Renee Marie Johnson
Renee Marie Johnson


/s/ Ronald V. Thomas
Ronald V. Thomas, Attorney for Debtor




Ronald V. Thomas – 017517
Thomas Law Office, PLC
3030 East Cactus Road Ste. 102
Phoenix, Arizona 85032
(602) 788-1395 Fax: (602) 788-1680

thomasron@azbar.org
Attorney for Debtor

# IN THE UNTIED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 08- |
| Charles Hershel Johnson and ) | |
| Renee Marie Johnson, ) | |
| ) | Chapter 13 Plan Analysis |
| ) | |
| Debtors. ) | |
| ) | |

TOTAL DEBT AND ADMINISTRATIVE EXPENSES PROVIDE FOR BY THE PLAN

| | | |
|---|---|---|
| A. | DEBTORS ATTORNEYS FEES | $2,229.00 |
| B. | PRIORITY CLAIMS | $0.00 |
| C. | PAYMENTS TO CURE DEFAULTS | $0 |
| D. | PAYMENTS ON SECURED CLAIMS | $0 |
| E. | PAYMENTS ON OTHER CLASS | $0 |
| F. | PAYMENTS ON GENERAL UNSECURED CLAIMS | $158,327 |
| G. | SUBTOTAL | $160,556 |
| H. | TRUSTEE'S COMPENSATION | $17, 884 (10%) |
| I. | TOTAL AMOUNT OF PLAN | $178,440 |

RECONCILIATION WITH CHAPTER 7

J.  INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED

|   |                                                              |           |
|---|--------------------------------------------------------------|-----------|
| 1.| Value of debtor's interest in nonexempt property             | $1,900.00 |
| 2.| Value of property recoverable under avoiding powers          | $0        |
| 3.| Less: Estimated Chapter 7 administrative expenses            | $0        |
| 4.| Less Priority claims                                         | $0        |

K.  EQUALS ESTIMATED DIVIDEND FOR GENERAL UNSECURED CREDITORS UNDER CHAPTER 7    $1,900.00

L.  ESTIMATED DIVIDEND UNDER PLAN    $158,327.00

M.  Amount of Line 58 of Statement of Current Monthly Income    $2,974
Applicable Commitment Period    60 months
Amount required to be paid to unsecured creditors    $178,440

IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THIS PLAN ANALYSIS, THE PROVISIONS OF THE PLAN, AS CONFIRMED, CONTROL.