Edward J. Maney, Trustee
P. O. Box 10434
Phoenix, AZ 85064
Telephone (602) 277-3776
Fax No. (602) 277-4103
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>CHARLES JOHNSON<br>xxx-xx-3033<br>RENEE JOHNSON<br>xxx-xx-6187<br><br><br><br><br><br>Debtor(s) | CHAPTER 13 BANKRUPTCY<br><br>CASE NO. 2-08-bk-17253-SSC<br><br><br><br>TRUSTEE'S EVALUATION AND RECOMMENDATION(S) REPORT WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED<br><br>RE: CHAPTER 13 PLAN |

Edward J. Maney, Trustee, has analyzed the Debtor's Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

GENERAL REQUIREMENTS:

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

b <u>Requests by the Trustee for documents and information are not superseded by the filing of an amended Plan or motion for moratorium.</u>

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an Amended or Modified Plan is filed and noticed out.

d The Trustee requires that any proposed Order Confirming Plan state, "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments,

-1-

  suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders".

f. The Debtor(s) is required to provide directly to the Trustee, **within 30 days after the returns are filed,** copies of the federal and state income tax returns for every year during the duration of the Plan. This requirement is to be included in the Stipulated Order Confirming the Plan.

g. At the time of confirmation, the Trustee will require the Debtor(s) to certify that Debtor(s) are current on all required tax filings and any domestic support orders.

h. If Debtor(s) Plan proposes to discharge taxes not paid by the Plan, the Trustee objects to this provision. The proper procedure to determine dischargeability is through an adversary proceeding, pursuant to F.R.B.P. Rule 7001. Any proposed Order Confirming the Plan submitted by the Debtor(s) **must** specifically amend or remove this language to comply with the Bankruptcy Code and Rules.

RECOMMENDATION REQUIREMENTS:

1. Interim Plan payments are current with payment of $4,860.00 due 3/28/09. (see items #6 and #8 below.

2. The Trustee requires copies of all monthly bank and/or credit union statements for all checking and/or savings accounts Debtors maintained on petition date.

3. The Plan provides for direct payment to secured creditor Freedom First CU. The Trustee objects and requires that payments to creditors secured by personal property be paid through the Trustee. Order Confirming Plan to provide for payment through the Trustee and signed by the secured creditor or an Amended Plan is to be immediately filed

Debtors' Plan proposes to cramdown the debt on this secured vehicle without paying the vehicle through the Plan. The Trustee objects.

Debtors' Plan fails to provide any treatment for the secured timeshare and bed. The Trustee objects to retention of the timeshare as it is not essential to the Estate and requires Debtors to surrender this property in the Amended Plan. Debtors needs to propose payments for the bed outside the Plan.

4. The proofs of claim filed by GMAC Mortgage, Stoney Creek Timeshare and GEFCU differs from the creditors' treatment under the Plan or is not provided for by the Plan. This discrepancy must be resolved before confirmation of the Plan. The Trustee requires as to each claim that: (a) the Debtor(s) file an objection to the claim (if the debt is believed to be

unsecured); (b) the holder of the claim endorse the order confirming the Plan; (c) the order confirming the Plan to provide for payment of the claim pursuant to the claim; or (d) an amended Plan be filed to provide for payment on the claim. The Trustee will require debtor(s) provide written notification as to whether the discrepancy has been resolved by March 30, 2009. If resolution of the claims changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If objections to the proofs of claim are timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after completion of the objections.

5. Debtor(s) have received significant tax refunds for 2007 which if allowed to continue constitutes a diversion of disposable income. The Trustee requires Debtor to adjust payroll tax deductions to prevent over- or under-withholding, amend Schedule I increasing Plan payments accordingly, and provide two consecutive pay stubs to verify this has been corrected, or <u>turn over tax returns and refunds beginning with 2008 through the duration of the Plan</u> as supplemental Plan payments.

   The Trustee requires **completed** and **signed** copies of Debtor's 2008 State and Federal tax returns, W-2's and 1099's upon filing them with the appropriate tax agencies and refunds upon receipt. Confirmation of this case does not depend upon resolution of this issue. However, if the case is not confirmed prior to 4/15/09, this issue needs to be resolved.

   If returns are not available at this time, the Trustee requires Debtors to provide a copy of all 2008 W-2's and 1099's.

6. The Trustee notes the following discrepancies in Debtors; 22C.

   a. Debtor/wife started employment 10/1/08 and work for 2 months prior to filing this petition. No wages were included for Debtor/wife. The 22C should include $729.17 for Debtor/wife's gross wages.

   b. Item #31---Debtor/husband's two paystubs for 2009 do not show any pension/retirement deductions. It appears that Debtors have discontinued this deduction and it also appears that it is not mandatory. This needs to be removed.

   The Trustee also notes that the pension on Schedule I should be removed and increased the Debtors' excess income this amount of funds.

   c. Item #50. The Plan payment is not $6,253.00. The multiplier is incorrect. The Trustee requires the Plan payments to increase to $4080.00 in accordance to the Trustee's revised figures on the 22C.

7. The Trustee notes Debtor's payroll deduction for a retirement or 401k plan loan repayment. The Trustee requires documentation regarding the terms of the loan, current loan balance and completion date. If installment payments cease prior to completion of the Chapter 13 Plan, the Trustee requires Plan payments to increase accordingly

8. The Trustee notes that Debtors have several excess expenditures in accordance to the Trustee's guideline. Debtors' monthly excess income is over $6,000.00 per month and the Debtors can very easily met their 22C obligation addressed in item #7 above. The Trustee requires the Debtors satisfy this obligation and pay for their vehicle through the Plan in order to obtain confirmation of this case. The Plan payments need to increase to $4,860.00 to accomplish this.

The Trustee notes that the bar date has not passed. However, the Trustee will agree to the Plan payments being decreased if the Plan pays all unsecured filed claims in full prior to entry of an order of discharge and pays the secured vehicle through the Plan. If Debtors pay all unsecured claims in full, items #6 an #8 do not need to be addressed.

If the Debtor(s) have any questions or concerns regarding this Recommendation, they should contact their attorney. If Debtor(s) are not represented by counsel, they may contact the Case Administrator at extension 210.

The Trustee objects to the confirmation of this Plan under present condition(s). **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to remain current in Plan payments, resolve above item(s) #2 through 8 and submit Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of this Trustee's Recommendation. The Trustee reserves the right to file a Supplemental Recommendation.**

Date See Electronic Signature Block

Edward J. Maney, Trustee

Copies of the foregoing
mailed on this date See Electronic
Signature Block to:

Ronald Thomas\
3030 E. Cactus Rd., #102
Phoenix, AZ   85032

Charles and Renee Johnson
4616 E. Gold Poppy Way
Phoenix, AZ   85044