Edward J. Maney, Trustee
P. O. Box 10434
Phoenix, AZ 85064
Telephone (602) 277-3776
Fax No. (602) 277-4103
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | CHAPTER 13 BANKRUPTCY |
| CHARLES JOHNSON<br>xxx-xx-3033<br>RENEE JOHNSON<br>xxx-xx-6187 | CASE NO. 2-08-bk-17253-SSC<br><br>TRUSTEE'S EVALUATION AND RECOMMENDATION(S) REPORT WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED |
| Debtor(s) | RE: CHAPTER 13 PLAN |

Edward J. Maney, Trustee, has analyzed the Debtor's Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

GENERAL REQUIREMENTS:

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

b <u>Requests by the Trustee for documents and information are not superseded by the filing of an amended Plan or motion for moratorium.</u>

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an Amended or Modified Plan is filed and noticed out.

d The Trustee requires that any proposed Order Confirming Plan state, "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments, suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders".

-1-

Trustee's Recommendation
Case #08-17253
Page 2.......

f.  The Debtor(s) is required to provide directly to the Trustee, **within 30 days after the returns are filed,** copies of the federal and state income tax returns for every year during the duration of the Plan. This requirement is to be included in the Stipulated Order Confirming the Plan.

g.  At the time of confirmation, the Trustee will require the Debtor(s) to certify that Debtor(s) are current on all required tax filings and any domestic support orders.

h.  If Debtor(s) Plan proposes to discharge taxes not paid by the Plan, the Trustee objects to this provision. The proper procedure to determine dischargeability is through an adversary proceeding, pursuant to F.R.B.P. Rule 7001. Any proposed Order Confirming the Plan submitted by the Debtor(s) **must** specifically amend or remove this language to comply with the Bankruptcy Code and Rules.

RECOMMENDATION REQUIREMENTS:

1.  Debtor(s) Plan payments are currently delinquent $12,896.00 with a payment of $4,961.00 coming due 7/28/09.

    Debtor(s) projected disposable income (according to Schedule I and J) is $6,440.10.

    Trustee notes that the Plan and/or Plan Analysis appears to indicate that the Debtor(s) will be paying all claims in full (100%). If appropriate language is included in the Order which states that all filed claims will be paid in full prior to entry of an order of discharge, the Trustee will not require Plan payments to increase to the projected disposable income and will agree to confirmation of this case.

2.  The proofs of claim filed by GEFCU (#2 and #17 claim), GMAC Mortgage and 1st Freedom differs from the creditors' treatment under the Plan or is not provided for by the Plan. This discrepancy must be resolved before confirmation of the Plan. The Trustee requires as to each claim that: (a) the Debtor(s) file an objection to the claim (if the debt is believed to be unsecured); (b) the holder of the claim endorse the order confirming the Plan; (c) the order confirming the Plan to provide for payment of the claim pursuant to the claim; or (d) an amended Plan be filed to provide for payment on the claim. The Trustee will require debtor(s) provide written notification as to whether the discrepancy has been resolved by July 30, 2009. If resolution of the claims changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If objections to the proofs of claim are timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after completion of the objections.

    If the Debtor(s) have any questions or concerns regarding this Recommendation, they should contact their attorney. If Debtor(s) are not represented by counsel, they may contact the Case Administrator at extension 210.

The Trustee objects to the confirmation of this Plan under present condition(s). **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to become and remain current in Plan payments, resolve above item(s) #2 and submit Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of this Trustee's Recommendation. The Trustee reserves the right to file a Supplemental Recommendation.**

Date See Electronic Signature Block

Edward J. Maney, Esq.
*Digitally signed by Edward J. Maney, Esq.*
*DN: cn=Edward J. Maney, Esq., c=US, o=Edward J. Maney, Chapter 13 Trustee, email=ejm@maney13trustee.com*
*Date: 2009.07.10 13:53:35 -07'00'*

Edward J. Maney, Trustee

Copies of the foregoing
mailed on this date See Electronic
Signature Block to:

Thomas Law Office
3030 E. Cactus Rd., #102
Phoenix, AZ 85032

Charles and Renee Johnson
4616 E. Gold Poppy Way
Phoenix, AZ 85044

Lisa Starkey
*Digitally signed by Lisa Starkey*
*DN: cn=Lisa Starkey, c=US, o=Edward J. Maney Chapter 13 Trustee, email=Lisas@maney13trustee.com*
*Date: 2009.07.10 14:15:51 -07'00'*

-3-